**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 23, 2010[*]
Decided December 1, 2010

**Before**

MICHAEL S. KANNE, *Circuit Judge*

TERENCE T. EVANS, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 10-1959

| | |
|---|---|
| KENNETH E. BARRETT, | Appeal from the United States District |
| *Plaintiff-Appellant*, | Court for the Southern District of Indiana, |
| | Terra Haute Division. |
| *v.* | |
| | No. 2:08-cv-0240-WTL-WGH |
| HELEN J. MARBERRY, et al., | |
| *Defendants-Appellees*. | William T. Lawrence, |
| | *Judge*. |

**O R D E R**

In this action under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), Kenneth Barrett, an inmate of the Federal Correctional Complex in Terre Haute, Indiana ("FCC"), claims that prison officials and medical staff were deliberately indifferent to his medical needs by refusing to surgically remove a bullet that, he says, causes dermatitis (rashes). Barrett also claims that a prison dentist was

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

deliberately indifferent to his dental needs when extracting a tooth. The district court granted summary judgment for all defendants, and Barrett appeals. We affirm.

Barrett has a bullet lodged in his hip, the result of a shot officers fired during his arrest in 1999. He shot back, killing an officer, which lead to his death sentence. When Barrett arrived at the FCC, medical staff x-rayed his hip and examined bullet fragments benignly resting over his right femur. Dr. Webster, clinical director at the FCC, and two outside orthopedic surgeons each opined that there was no irritation at the healed wound; that the fragments were not infectious, caused no pain, restricted no movement; and that there was no clinical reason for surgery. Beyond the fragments, Barrett has chronic dermatitis, mainly on his shins and feet, which he says was caused by an allergy to the fragments. Barrett's dermatitis was treated numerous times at the FCC's general chronic care clinic, and medical staff prescribed various anti-inflammatory, steroid skin creams. On one occasion Barrett developed a bacterial skin infection unrelated to the dermatitis, which medical staff successfully treated with a battery of antibiotics. On another occasion, Barrett developed on his arms a rash related to the dermatitis, and medical staff referred him to the FCC's dermatology program for monitoring. He also has prostatitis and a benign hydrocoele in his right testicle, which medical staff and two outside urologists have evaluated, treated, and medicated. Barrett also complained of stomach dyspepsia, so medical staff evaluated him and prescribed Prilosec.

Barrett filed this prisoner's civil rights action, claiming that the defendants deprived him of a constitutionally required level of medical care by being deliberately indifferent to his serious medical needs. Barrett charged Dr. Thomas Webster, Warden Helen Marberry, and Julie Beighley, a health services administrator, with deliberate indifference in refusing to remove the bullet fragments. Similarly Barrett alleged that Public Health Service Dental Officer (PHS) Roderick Cooper extracted the wrong tooth, in deliberate indifference and retaliation for a grievance Barrett had filed. The district court screened Barrett's suit, *see* 28 U.S.C. § 1915A, dismissing all claims except those involving the Eighth Amendment.

After further proceedings, the district court ultimately granted defendants' motion for summary judgment. First, the court determined that 42 U.S.C. § 233(a) bars *Bivens* actions against PHS Officers, such as Dr. Cooper, for acts within the scope of their employment and makes the Federal Tort Claims Act the exclusive remedy. Second, the district court determined that none of the remaining defendants was liable for deliberate indifference: Dr. Webster could not have been deliberately indifferent to Barrett's many medical needs given the abundant medical care Barrett received, and Marberry and Beighley were not personally involved in Barrett's medical treatment and could not be held liable under a theory of *respondeat superior*.

On appeal Barrett first contends that, in granting summary judgment for Dr. Cooper, the court failed to address his claim that Dr. Cooper retaliated against him by pulling the wrong tooth, in violation of the First Amendment. But Barrett misapprehends the significance of the district court's rulings. The court had dismissed Barrett's retaliation claim at the screening stage, *see* § 1915A, effectively terminating the claim. In any event, the court correctly applied § 233(a) and concluded that, Dr. Cooper, as a PHS officer, could not be personally subject to a *Bivens* action for harm arising out of his dental work. *See Hui v. Castaneda*, 130 S. Ct. 1845, 1848 (2010).

Barrett next contends that the district court wrongly granted summary judgment to Dr. Webster, arguing that it failed to consider how Dr. Webster's professional judgment had been called into question by the recommendations of several dermatologists who said that the bullet fragments should be removed. But medical malpractice, negligence, and even gross negligence do not rise to the level of deliberate indifference. *Sain v. Wood*, 512 F.3d 886, 894-95 (7th Cir. 2007). Barrett's disagreement with Dr. Webster's professional judgment (and the two orthopedic surgeons who treated him) does not suffice to show that Dr. Webster exhibited a total absence of medical judgment tantamount to deliberate indifference. *See Norfleet v. Webster*, 439 F.3d 392, 396 (7th Cir. 2006). Nor has Barrett shown that Dr. Webster was deliberately indifferent in treating his sundry other afflictions: the dermatitis, prostatitis, benign hydrocoele, and stomach dyspepsia. Barrett is entitled only to adequate medical care, not to the specific treatment he prefers. *See Johnson v. Doughty*, 433 F.3d 1001, 1010 (7th Cir. 2006); *Snipes v. De Tella*, 95 F.3d 586, 591-92 (7th Cir. 1996).

Barrett next contends that the district court erroneously granted summary judgment for Marberry and Beighley because they knew that the FCC's dental services were insufficient to meet prisoners' demands. As the district court concluded, however, these defendants cannot be held liable based simply on their supervisory or administrative roles under a theory of *respondeat superior*. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2009). Barrett has not set forth evidence showing that the defendants were personally involved in his various treatments.

AFFIRMED.